IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                 CRIMINAL ACTION NO. 2:18-cr-00225-17

AMANDA ATKINSON,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Defendant's pro-se letter-form *Motion* (Document 1001), requesting compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A), the *Response of the United States in Opposition to Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A)* (Document 1003), the counseled *Reply of Amanda Atkinson to the Response of the United States in Opposition to Defendant's Motion for Compassionate Release* (Document 1016),[1] the pro-se letter-form *Reply* (Document 1019) submitted by the Defendant, and various letters submitted by the Defendant (Documents 1009, 1010, 1015, 1017, 1021, and 1034), as well as all exhibits. The Defendant made a similar request for early release to the warden, which was denied.

---

[1] The attorney appointed to represent the Defendant during her criminal case requested leave to file a reply brief, which the Court granted. The Defendant indicated that she had difficulty communicating with her attorney due to COVID-related restrictions, and so the Court has considered both the reply brief submitted by counsel and the pro-se submissions.

Pursuant to 18 U.S.C. § 3582, a Court may modify or reduce a term of imprisonment "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . ." 18 U.S.C. § 3582(c)(1)(A). If such circumstances exist, the Court may modify or reduce the term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a), and finding that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* at § 3582(c)(1)(A)(i).

Before a court grants compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A), it must determine both that "there are extraordinary and compelling reasons to reduce the defendant's sentence" and "consider the sentencing factors of 18 U.S.C. § 3553(a) to determine whether modifying or imposing a new sentence is appropriate." *United States v. Payne*, No. 1:18CR00025-26, 2020 WL 6334798, at *2 (W.D. Va. Oct. 29, 2020) (analyzing factors and granting early release to inmate with medical conditions placing her at high risk of severe complications from COVID-19 and a minor child requiring cancer treatment that caregivers were not providing, after concluding that the time served was sufficient given her minor role in the original offense, lack of prior criminal history, and efforts toward rehabilitation). The analysis requires fact-specific inquiry into the defendant's circumstances and offense. The Fourth Circuit recently addressed the scope of relief available under § 3582(c)(1)(A), concluding that courts may make an individualized determination about whether "extraordinary and compelling" reasons for release exist pending the adoption of an "applicable policy statement" by the Sentencing

2

Commission, with which reductions must be "consistent." *United States v. McCoy*, No. 20-6821, 2020 WL 7050097, at *1, *9 (4th Cir. Dec. 2, 2020).

The Defendant requests that she be released on home confinement for the remainder of her sentence. She states that she has celiac disease, hypothyroidism, asthma, aortic valve sclerosis, thyroid nodules, fibromyalgia, hypertensive disorder, sleep apnea, strain of knee with missing cartilage, complex cyst of uterine adnexa, Lyme disease, and a BMI over 30. She is concerned that she could die or suffer serious complications if she contracts COVID-19 and explains that it is impossible to protect herself by social distancing within the prison. In addition, she contends that her chronic conditions, including celiac disease, Lyme disease, and sleep apnea, are not being treated appropriately. She requires a gluten free diet to manage her celiac disease. She asserts that FPC Alderson did not provide gluten free food during her first several weeks of incarceration. Although FPC Alderson has begun attempting to meet her dietary requirements, she still does not consistently receive a gluten free tray, and when she does, the tray does not consistently contain foods free from gluten or gluten cross-contamination. She attached a list of the meals she had been served and dates on which the correctional officer was unable to provide her with a gluten free meal. Prior to her incarceration, she was told that she needed a c-pap machine to manage her sleep apnea, but has not been provided one by the BOP. She expresses concern regarding the long-term impacts of failure to appropriately manage her medical conditions.

The United States argues that the BOP has not been able to independently confirm Ms. Atkinson's diagnoses of Lyme disease or celiac disease. It states that she is provided with a gluten-free tray and provided a copy of the gluten-free menu options. It concedes that her obesity, hypertension, and asthma are all conditions that may increase the risk of serious illness should she

contract COVID-19, but contends that the BOP has implemented adequate measures to control the spread of COVID-19.  It argues that general concern about COVID-19 does not constitute an extraordinary and compelling circumstance for a sentence reduction, stating that "[t]he hypothetical harm Defendant fears from a potential COVID-19 infection and the limited gluten free food options at FPC Alderson do not outweigh the actual harm that Defendant has inflicted upon the community."  (Govt. Resp. at 18.)  It concedes that she has had no disciplinary issues and is considered a low risk for recidivism.  Should she be released, the United States urges the Court to require her to complete a quarantine period and serve the remainder of her sentence on home confinement.

On August 19, 2020, the Court imposed a sentence of 30 months of incarceration to be followed by one year of supervised release as a result of the Defendant's conviction for aiding and abetting the use of a communications facility to facilitate a drug trafficking offense, in violation of 18 U.S.C. §2 and 21 U.S.C. § 843(b).  She was among the less culpable defendants in a large drug conspiracy, participating in two drug transactions at the direction of her boyfriend.  Although she has many misdemeanor convictions, this was her first felony conviction and her first sentence of more than a few days in jail.  This offense was non-violent, and she does not have a history of violence.  The Bureau of Prisons Inmate Finder provides an anticipated release date of March 16, 2022.

The Defendant has health conditions that place her at heightened risk should she contract COVID-19.  The Court does not take that risk lightly.[2]  Her other health conditions are more difficult to manage during incarceration, but the Court finds no reason to believe that she will be

---

2 The Court's order is not intended to express any opinion regarding any remedies related to the conditions of confinement that might be available through the BOP or through the appropriate legal channels.

4

unable to obtain an appropriate diet and other medical care through continued efforts within the BOP system. In addition, the Court finds that the 3553(a) factors do not support early release and granting the Defendant's motion would produce unwarranted sentencing disparity between the Defendant and others, both among all defendants convicted of similar offenses and the other defendants sentenced in related cases. The Defendant's offense was serious and releasing the Defendant after serving less than half of her sentence would not meet the goals of sentencing, including just punishment and deterrence.

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the Defendant's pro-se letter-form *Motion* (Document 1001), requesting compassionate release pursuant to 18 U.S.C. §3582(c)(1)(A), be **DENIED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, to the United States Attorney, to the United States Probation Office, and to the Office of the United States Marshal.

ENTER: March 11, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA